```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

Valentin Reviakine,

        Plaintiff,

  -against-

Vadim Mednikov,

        Defendants.

**MEMORANDUM AND ORDER**
15-CV-00227(KAM)

```
----------------------------------------
                                        X
```

**MATSUMOTO, United States District Judge:**

    Plaintiff Valentin Reviakine commenced this action against defendant, Vadim Medkinov on October 21, 2014 in the Supreme Court of New York, Kings County. The action was removed to this court, by defendant, on January 15, 2015. Presently before the court is plaintiff's motion to remand these proceedings to the Supreme Court of New York, Kings County based on a lack of diversity jurisdiction.

    For the reasons stated herein, plaintiff's motion to remand is denied.

## BACKGROUND

    Plaintiff alleges that he was hired by defendant as a day laborer to paint the interior and exterior of defendant's house located in Greentown, Pennsylvania (the "Pennsylvania

Home").¹ While painting the interior of the Pennsylvania Home, plaintiff fell from a ladder and fractured his right leg. Plaintiff filed this action in the Supreme Court of New York, Kings County on October 21, 2014, alleging, among other things, violations of labor safety laws and general negligence. Defendant removed the action to this court based on diversity jurisdiction on January 15, 2015. Plaintiff moves to remand this action to the Supreme Court of New York, Kings County based on a lack of diversity jurisdiction. Defendant contends that diversity jurisdiction is proper because he has been domiciled in Pennsylvania since 2006 and at all relevant times. Defendant appeared at a deposition on October 20, 2015 and has submitted various documents supporting his claim of domicile in Pennsylvania.

## DISCUSSION

### I. Legal Standard

"The general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in

---

¹ The facts herein are taken from the Complaint, ECF No. 1-2, and the papers, including the exhibits, submitted by the parties in support of the instant motion. *See* ECF Nos. 19-21. "When determining whether subject matter jurisdiction exists, the district court may examine evidence outside the pleadings." *Dukes ex rel. Dukes v. New York City Employees' Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

state court and at the time removal is sought to federal court." *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003); *see also United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  Where, as here, jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with "competent proof" and "justify its allegations by a preponderance of evidence." *Id.* at 305(citations omitted); *see also Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).  Mere allegations of residency in a state cannot establish citizenship.  *See Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile.  Domicile has been described as the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Linardos*, 157 F.3d at 948 (citations omitted). "It is possible to reside at one place and be domiciled at another."  *Young v. Century House Historical Soc'y*, 117 F. Supp. 2d 277, 280 (N.D.N.Y. 2000) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989)).  "In addition, '[a] party may have multiple residences, but only one

domicile.'" *Id.* (citing *Connolly v. Spielman*, 999 F. Supp. 270, 273 (N.D.N.Y. 1998)); *see also National Artists Management Co. v. Weaving*, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991).

The factors to be considered in determining domicile include but are not limited to: location of spouse and family; voting registration; payment of taxes; location of real and personal property (like furniture and automobiles); driver's license; location of bank account; place of employment; current residence; and location of a person's physician. *Weaving*, 769 F. Supp. at 1228; *see also Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 637 (E.D.N.Y. 2000) (listing as relevant factors: "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes . . ."); 13E Charles Alan Wright et al., Federal Practice and Procedure § 3612 (3d ed. 2016). "No single factor is dispositive." *Young*, 117 F. Supp. 2d at 280. "Rather, the 'totality of the evidence' must be examined. *Id.* at 280-81(citing *Weaving*, 769 F. Supp. at 1228).

Here, defendant asserts, and has presented a bevy of competent evidence establishing, that his domicile has been in

Pennsylvania as early as 2006 and at all relevant times, in October 2014 when this action was filed in the Supreme Court of the State of New York and in January 2015 when the action was removed to this court.[2]

## II. Defendant was Domiciled in Pennsylvania at the Relevant Times

Defendant has presented sufficient evidence establishing that he was domiciled in Pennsylvania at the relevant times. Facts establishing that defendant was and continues to be domiciled in Pennsylvania are as follows:

- Defendant has stated, under oath, that he and his wife bought the Pennsylvania Home, a single family residence, in 2005 and they began living there in 2006; since moving to Pennsylvania, defendant usually spends one to three days per week in New York but never stays an entire week.

- Defendant has presented a tax bill showing he owed Pennsylvania school taxes as of August 1, 2014.

- Defendant submitted his and his wife's joint Pennsylvania

---

[2] Plaintiff argues that defendant is asserting a change in domicile; plaintiff is mistaken. Upon review of defendant's removal papers (ECF No. 1) and the opposition (ECF No. 20) to the present motion, the court finds no such assertion. Further, in this posture of the case, defendant has the "burden of persuasion," as the party asserting diversity jurisdiction, of "establishing specific initial domicile[] that support[s] the existence of diversity jurisdiction." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 324 (2d Cir. 2001). The defendant maintains that he was domiciled in Pennsylvania at the relevant times in October 2014 when this action was filed and in January 2015 when the action was removed, and has presented sufficient evidence, clear and convincing evidence in fact, to support this assertion.

state and federal income tax returns that list the address of the Pennsylvania Home, for years 2010, 2011, 2012, 2013.

- Defendant submitted his Pennsylvania driver's license which was issued in 2013 and lists the same Pennsylvania Home address as the tax returns.

- Defendant submitted certificates of insurance, vehicle registrations[3] and invoices showing that he and his wife have three motor vehicles that are registered, insured, and maintained in Pennsylvania.

- Defendant submitted a Certificate of Voter Registration that shows he registered to vote in Pennsylvania in June 2006, and that as of 2015 he was still a Pennsylvania voter. Defendant has also stated under oath that he voted in the 2008 and 2012 presidential elections in Pennsylvania.

- Defendant states that he conducts his personal banking in Pennsylvania.

- Defendant reported on his federal tax returns in 2010, 2011 and 2013 that he owned rental property in Brooklyn, New York (the "East 29th Street Property"). Defendant

---

[3] The registration for two of the vehicles were valid as of, or prior to, the day this action was filed.

maintains that he began renting out the East 29th Street Property in 2006 when he and his wife moved into the Pennsylvania Home. He sold the East 29th Street Property in the spring of 2013, prior to the relevant events in October 2014 when plaintiff commenced the action and in January 2015 when defendant removed the action to this court.

Other courts have found parties with comparable fact patterns to be domiciliaries in the states where they reside. In *Young*, the court found that the party was domiciled in New York even though he worked and spent the majority of his time in New Jersey; the party also rented an apartment and saw doctors and a physical therapist in New Jersey. *Young*, 117 F. Supp. 2d at 281-82. Notwithstanding these facts, the court found that the party's domicile was in New York, where he resided on most weekends. The court noted that because most doctors only work on weekdays, it is reasonable for a party to seek such services near his employment in New Jersey. *Id.* at 282. Further when determining that the domicile was in New York and not New Jersey, the court found the following factors to be indicative of a permanent residence: the party's vehicle registration and license were both in New York, the party was registered to vote in New York, received mail in New York and the party used his

New York address on his important records.  *Id.*

Here, defendant has presented an even more compelling case for finding that he is domiciled in Pennsylvania, where he resides, than the one presented in *Young*.  Beginning in 2006 and at the relevant times, Plaintiff's has owned and resided at the Pennsylvania Home with his wife.  He has a Pennsylvania driver's license and he and his wife's three vehicles are registered, insured, and maintained in Pennsylvania.  Defendant is registered, and has voted in Pennsylvania.  Further, defendant uses the address of the Pennsylvania Home address on his important records, such as his tax return and his driver's license.

Plaintiff contends that defendant uses healthcare and financial services in New York which show that defendant is domiciled in New York.  As discussed in *Young*, that a party sees doctors and maintains business accounts in a particular state is not dispositive.  It is not unusual for people to see doctors or maintain business accounts with institutions near their place of business.  *See Young*, 117 F. Supp. 2d at 282.

Plaintiff also contends, and defendant admits, that defendant spends some nights in New York at rental properties to accommodate his business dealings.  Plaintiff further points to another property that defendant owns in New York, a house

purchased in 2014 (the "Irwin Street Property") that is presently under renovation. These facts are not dispositive, however.

Courts have routinely found that spending significant amounts of time in a state for work related purposes is not sufficient to establish domicile. *See Sadesky v. Liberty Chevrolet, Inc.,* No. 04-CV-1894 (KMK), 2005 WL 1026326, at *3 (S.D.N.Y. May 3, 2005) (holding that party was domiciled in New Jersey even though party worked and resided in New York during the workweek); *Young*, 117 F. Supp. 2d at 282 (finding that the party was domiciled in New York, where he spent his weekends, even though he spent the workweek in New Jersey). Defendant spends less time, on average one to three days per week, in New York for work related purposes than the parties in *Sadesky* and *Young*. Further, that the defendant rents an apartment and an office to conduct business in New York is not necessarily sufficient to establish his domicile in New York. *See Sedasky*, 2005 WL 1026326, at *3 (court found party was domiciled in New Jersey where party's workweek residence and other connections to New York were a necessary accommodation for his employment); *Young*, 117 F. Supp. 2d at 282 (finding domicile in New York where plaintiff worked and resided at "his [rented] apartment in New Jersey [during the workweek] and then returned to his

condominium in New York on weekends").

Moreover, the Irwin Street Property in New York is under renovation and was uninhabitable at the relevant times; therefore defendant did not and could not reside there. *See Hicks v. Brophy*, 839 F. Supp. 948, 952 (D. Conn. 1993) (finding it "difficult to imagine how the [party] could, at that time, maintain their domicile in [a] state" where their property was "apparently uninhabitable"). Defendant's visits and other connections to New York are primarily related to his business dealings, consequently they are insufficient to establish domicile.

The other objective indicia, as detailed above, point decidedly in favor of finding that Pennsylvania has been defendant's domicile since 2006, and thus at the relevant times. Of particular note is that defendant has stated, under oath, that he resides with his wife in Pennsylvania and her vehicle is registered and insured in Pennsylvania and he also submitted evidence showing that he and his wife pay federal and state income taxes in Pennsylvania. These facts are given considerable weight in finding that defendant is domiciled in Pennsylvania. *Weaving*, 769 F. Supp. at 1228 ("[T]he residence of a married person's spouse . . . is given considerable weight" when determining domicile.). "Home is the place where a person

dwells and which is the center of his domestic, social and civil life." *Id*. at 1227 (citations and quotations omitted); *see also Ming Li v. Colonial BT, LLC*, No. 3:14-CV-999 CSH, 2014 WL 3579469, at *4 (D. Conn. July 21, 2014) (same). Defendant's home is in Pennsylvania; he has established that his domestic and civic life are centered there.

Accordingly, the court finds that defendant has presented "sufficient credible evidence to establish" that he resided in, and manifested intent to remain in, Pennsylvania indefinitely, at the relevant times in October 2014 and January 2015. *Linardos*, 157 F.3d at 948. Consequently, the court finds that defendant was domiciled in Pennsylvania and diversity jurisdiction was proper when this action was instituted and upon removal to this court.

## CONCLUSION

For the foregoing reasons, the court **denies** plaintiff's motion to remand this action.

**SO ORDERED.**

Dated: April 29, 2016
 Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge